United States District Court
Southern District of Texas
**ENTERED**
June 15, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-312 |
| | § | |
| JON MAURICE CHAMBERS | § | (Civil Action No. H-16-1677) |

## MEMORANDUM AND ORDER

Defendant Jon Maurice Chambers has filed a Motion to Vacate, Set Aside or Correct Sentence ("Motion") under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 59], seeking a reduction of his sentence and citing *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).  Defendant in his written Plea Agreement waived any right to challenge his sentence through a § 2255 Motion.  The *Johnson* decision does not apply to Defendant's sentence and, as a result, the § 2255 Motion is untimely and unfounded.  Therefore, Defendant's § 2255 Motion is **denied**.

### I.     BACKGROUND

On July 23, 2007, Defendant was charged by Indictment [Doc. # 1] with one count of possessing a firearm as a convicted felon, two counts of distribution of a controlled substance, and one count of possessing a firearm in furtherance of a drug trafficking crime.  On November 30, 2007, Defendant entered a plea of guilty to one count of possessing a firearm as a convicted felon and one count of possession with

intent to distribute cocaine. In his written Plea Agreement [Doc. # 22], Defendant waived his right to appeal his sentence. *See* Plea Agreement, ¶ 7. Defendant also waived his right to collaterally attack his conviction or sentence, through a § 2255 motion or otherwise. *See id.*

On February 20, 2008, Defendant was sentenced to 120 months in custody on the firearm charge and 31 months on the drug charge, to run consecutively for a total of 151 months. *See* Judgment in a Criminal Case [Doc. # 39]. Defendant's offense level was increased pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 based on prior convictions for robbery and aggravated robbery. Defendant's sentence also included a three-year term of supervised release and a $200 special assessment. *See id.*

Defendant did not pursue a direct appeal of his conviction and sentence. Where, as here, no direct appeal is filed, the conviction becomes final when the period for filing a direct appeal expires. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). In this case, the Judgment in a Criminal Case was entered on February 26, 2008. At the time of Defendant's conviction and sentencing, any notice of appeal was due by March 11, 2008. *See* FED. R. APP. P. 4(b)(1)(A)(i) (2008) (notice of appeal in a criminal case must be filed within ten days after entry of judgment); FED. R. APP. P. 26(a)(2) (2008) (when time limit is less than eleven days,

weekend days and holidays are excluded).[1]  As a result, Defendant's conviction and sentence became final on March 11, 2008.

On May 26, 2016, Defendant filed a request for appointment of counsel for purposes of filing "a second or successive 2255 motion in light of Johnson v. United States." *See* Motion [Doc. # 57].  On June 10, 2016, Defendant filed the current § 2255 Motion [Doc. # 59] and an Application to Proceed Without Prepaying Fees or Costs [Doc. # 60].

## II.  WAIVER OF COLLATERAL REVIEW

A criminal defendant may waive the right to appeal and collateral review, so long as the waiver is knowing and voluntary.  *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002); *see also United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (waiver of right to appeal); *United States v. Lovett*, 2014 WL 1758273, *2 (S.D. Tex. Apr. 30, 2014).  An "informed and voluntary waiver of the right to file a 28 U.S.C. § 2255 motion will be enforced." *White*, 307 F.3d at 341 (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)).  If the plea and waiver were knowing and voluntary, and the waiver clearly covers § 2255 motions, the waiver can be enforced.  *Id.* at 343-44.

---

[1]  The deadlines for filing a notice of appeal and the rules for computing and extending time were amended effective December 1, 2009, after Defendant's conviction and sentence became final.

Defendant's § 2255 Motion must be dismissed because, pursuant to the written plea agreement in this case, he expressly waived the right to challenge his conviction and sentence collaterally under 28 U.S.C. § 2255. *See* Plea Agreement, ¶ 7. The waiver refers specifically to relief under § 2255 and states unequivocally that Defendant waives his right to seek § 2255 relief. The Plea Agreement is signed by Defendant, and was discussed with him at the time of his rearraignment. The Plea Agreement includes an acknowledgment that Defendant is pleading guilty freely and voluntarily and because he is guilty. *See id.*, ¶ 19. The Plea Agreement contains an Addendum, signed by Defendant, stating that he has "read and carefully reviewed every part of this plea agreement," understands it, and "voluntarily agree[s] to its terms." *See id.* at 12. It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Duncan*, 2016 WL 2735960, *2 (S.D. Tex. May 11, 2016) (Miller, J.). As a result, Defendant has waived his right to file the pending § 2255 Motion and, on that basis, it is denied.

### III. TIME LIMITATIONS AND APPLICABILITY OF *JOHNSON* CASE

A § 2255 Motion is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f); *Dodd v. United States*, 545 U.S. 353, 354 (2005); *United States v. Martinez*, 596 F. App'x 333, 335 (5th Cir. Mar. 10, 2015). Defendant argues that the one-year

limitations period began to run pursuant to 28 U.S.C. § 2255(f)(3) on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Specifically, Defendant argues that the limitations period for his § 2255 Motion began to run when the Supreme Court issued its June 26, 2015, decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and its April 18, 2016, decision in *Welch v. United States*, 136 S. Ct. 1257 (2016), holding that the *Johnson* decision applies retroactively on collateral review.

In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Defendant, however, was not sentenced under the ACCA.[2] Defendant does not challenge any other statute as unconstitutionally vague. Any vagueness challenge Chambers may intend regarding the Sentencing Guidelines is

---

[2] Chambers was sentenced pursuant to U.S.S.G. § 4B1.1 using definitions in § 4B1.2. Section 4B1.2(a)(1) defines a "crime of violence" as having "as an element the use, attempted use, or threatened use of physical force against the person of another." Under Texas law, robbery includes as an element the threat of imminent bodily injury or death. *See* TEX. PENAL CODE § 29.02. Similarly, an element of "aggravated robbery" under Texas law is the threat of imminent bodily injury of persons who are disabled or over the age of 65. *See* TEX. PENAL CODE § 29.03. Thus, these crimes meet the definition of crime of violence and do not involve the residual clause of § 4B1.2(a)(2) ("conduct that presents a serious potential risk of physical injury to another"). Further, the commentary to U.S.S.G. § 4B1.2(a) lists "robbery" as a crime of violence. *See* U.S.S.G. § 4B1.2 Applic. Notes, section 1, definition of "crime of violence."

"unfounded." *See United States v. Velasquez*, 2007 WL 2437961, *1 (5th Cir. Aug. 21, 2007) (citing *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). As a result, the *Johnson* decision has no relevance to the validity of Defendant's sentence. Whether viewed as inapplicable for purposes of calculating the one-year limitations period under § 2255(f)(3), or as inapplicable on the merits of Defendant's § 2255 Motion, the Court denies relief under § 2255.

## IV. CERTIFICATE OF APPEALABILITY

Any review of this Court's decision on Defendant's § 2255 Motion is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253(c). Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the full record and the applicable law, the Court concludes that reasonable jurists would not find its assessment of Defendant's § 2255 Motion debatable or wrong. As a result, a certificate of appealability will not issue in this case.

## V. CONCLUSION AND ORDER

Defendant waived his right to pursue a collateral attack pursuant to 28 U.S.C. § 2255. His reliance on *Johnson* fails to extend the one-year limitations period and fails to provide a legal or factual basis for Defendant's challenge to his sentence. Consequently, it is hereby

**ORDERED** that the Chambers's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 59] is **DENIED**, and the corresponding civil action (H-16-1677) is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is further

**ORDERED** that Defendant's Motion to Proceed Without Prepaying Fees or Costs [Doc. # 60] is **DENIED** as moot because there are no fees associated with the filing of a § 2255 Motion. It is further

**ORDERED** that Defendant's letter [Doc. # 57] request for appointment of counsel is **DENIED** and request for leave to file a second or successive 2255 motion is **DENIED** as moot because this is Defendant's first § 2255 motion.

SIGNED at Houston, Texas, this 15th day of **June, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE